IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Petitioner, | § § | |
| v. | § § | NO. 3:12-CV-4796-B |
| KATHY A. VAN LIEW, | § § § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States of America has filed a petition to enforce two Internal Revenue Service ("IRS") summonses served on Respondent Kathy A. Van Liew. For the reasons stated herein, the petition should be granted.

### Background

On December 23, 2011, the IRS served two administrative summonses on Respondent as part of an investigation into her federal tax liability for the calendar years 2007, 2008, 2009, and 2010. Respondent was directed to appear before Jennifer M. Henderson, an IRS Revenue Officer, on January 23, 2012 at 11:30 a.m., to give testimony and bring for examination all documents and records relating to her assets and liabilities for the 1040 years ending December 31, 2008, December 31, 2009, and December 31, 2010, as well as the period from January 1, 2011 to the date of full compliance with the summonses. Respondent failed to appear as required. The government filed this judicial enforcement action on November 26, 2012.

In a written response filed January 4, 2013, Respondent explains that she mistakenly believed she had complied with the summonses when she appeared with books and records at a prior hearing

held on June 21, 2011 in connection with similar summonses served on her husband, Frederic R. Van Liew. Respondent represents that she "will agree with a second summons hearing for herself without the need for Court enforcement, which would be a distortion and a waste of the Honorable Courts time." Resp. (Doc. 11) at 2. After considering the written submissions of the parties, the Court determines that the summonses should be enforced in their entirety.

## Legal Standards and Analysis

A federal district court may enforce an IRS summons if a taxpayer fails to appear and produce records that are relevant to a legitimate tax inquiry. 28 U.S.C. § 7604; *United States v. Wyatt*, 637 F.2d 293, 299-300 (5th Cir. 1981). To obtain enforcement of a summons, the government has the initial burden to show that: (1) the investigation is being conducted for a legitimate purpose; (2) the summons is relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) all proper administrative procedures have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The burden of establishing a prima facie case is "slight" or "minimal" and can be satisfied by presenting the sworn affidavit testimony of the agent who issued the summons. *See Mazurek v. United States*, 271 F.3d 226, 229-30 (5th Cir. 2001); *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir. 1981). Once the government establishes a prima facie case, the burden shifts to the taxpayer to rebut the *Powell* factors or demonstrate that enforcement of the summons would result in an abuse of process. *Mazurek*, 271 F.3d at 230.

The government has established a prima facie case for judicial enforcement of the summonses at issue. In a sworn declaration, Henderson explains that she is investigating Respondent's tax liability for the calendar years 2007, 2008, 2009, and 2010. *See* Gov't Pet. (Doc. 1), Exh. C at 1, ¶ 2. Henderson states that the books, records, and other documents requested in the

summonses are necessary to collect Respondent's federal tax liability for the 2007 calendar year and to investigate her federal tax liabilities for the 2008, 2009, and 2010 calendar years, that the information sought is not already in the possession of the IRS, that all administrative steps required by law for issuance of the summonses have been taken, and that there is no Justice Department referral in effect with respect to this matter. *See also id.* at 2, ¶¶ 6-9. Respondent tacitly concedes the government has established a prima facie case and represents that she will comply with the summonses even without the need for Court enforcement, which she admits would constitute "a waste of ... time." Resp. at 2. Under these circumstances, the government's petition to enforce the IRS summonses should be granted.

To the extent she intends to challenge the assessment of taxes for the relevant periods and the refusal of the IRS to answer questions about her taxpayer rights, the Court advises Respondent that a summons enforcement action is not the proper vehicle for raising these issues. *See Beaumont Key Services, L.L.C. v. United States*, No. 3-05-CV-0973-L, 2005 WL 2007100, at *2 (N.D. Tex. Aug. 19, 2005), *citing United States v. Kis*, 658 F.2d 526, 535 (7th Cir. 1981). Rather, the sole reason for such a proceeding is to ensure that the IRS has issued a summons for a proper purpose. *Id.* The IRS may summon information and documents for the legitimate purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax ..., or collecting any such liability[.]" 26 U.S.C. § 7602(a). Information is relevant if it "might shed light on" any aspect of the investigation. *United States v. Caltex Petroleum Corp.*, 12 F.Supp.2d 545, 554 (N.D. Tex. 1998) (citing cases). Clearly, the documents summoned by the IRS are relevant to the ongoing investigation of Respondent's tax liability for the periods in question.

Nor would enforcement of the summons constitute an abuse of the Court's process. To establish abuse of process, a taxpayer must produce evidence of bad faith or egregious misconduct on the part of the government. *Id.* at 555. This heavy burden is consistent with the reluctance of courts to circumscribe the broad summons authority given the IRS. *Id.* Respondent appears to argue that the summons was issued for an improper purpose because the IRS has refused to give her a pre-administrative hearing, has not complied with the Privacy Act, has refused to produce any tax assessment records, has not issued a valid deficiency notice, has not issued a 60 day notice and demand for payment, and has not answered certain correspondence. Such conduct, even if proved, falls far short of the egregious misconduct required to prove an abuse of process. *United States v. DePolo*, No. 3-10-CV-0387-B, 2010 WL 1768666, at *2 (N.D.Tex. Apr. 15, 2010), *rec. adopted*, 2010 WL 1768644 (N.D.Tex. Apr. 30, 2010) (failure of IRS to produce tax assessment records or provide certain information requested by taxpayer does not constitute abuse of process or bad faith); *United States v. Pitts*, No. 3-08-CV-0345-G, 2008 WL 1710904, at *2 (N.D.Tex. Apr. 11, 2008) (same as to failure of IRS to comply with Privacy Act, issue deficiency notice, or answer correspondence); *Beaumont Key Services*, 2005 WL 2007100, at *2 (same as to failure of IRS to schedule collection due process hearing before taxpayer complied with administrative summons). *Cf. United States v. Texas Heart Institute*, 755 F.2d 469, 482 (5th Cir. 1985), *overruled on other grounds*, *United States v. Barrett*, 837 F.2d 1341 (5th Cir. 1988) (bad faith found where IRS planned to unlawfully disclose the summoned documents); *United States v. Deak-Perera & Co.*, 566 F.Supp. 1398, 1402 (D.D.C. 1983) (bad faith found where IRS committed fraud in gathering information used to issue the summons).

## Recommendation

For these reasons, the government's petition to enforce IRS summonses [Doc. #1] should be GRANTED. Respondent Kathy A. Van Liew should be ordered to testify and produce all books, records, papers, and other documents specified in the summonses attached as Exhibits "A" and "B" to the government's petition filed on November 26, 2012. Respondent should be ordered to appear with these materials before Revenue Officer Jennifer M. Henderson, or any other officer of the Internal Revenue Service, at a location and on a date and time certain as determined by Ms. Henderson or other officer of the Internal Revenue Service.

A copy of this recommendation shall be sent by certified mail, return receipt requested, and by regular mail to Kathy A. Van Liew, 1850 N. Greenville Avenue, Suite 184, Richardson, Texas 75081.

SO RECOMMENDED, February 4, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the

Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).